## THOMAS V. JOYNER.

### Decided March 8, 1890.

*Forfeited land—Donation—Payment for improvements—Repeal.*

> Section three of the act of December 23, 1840 (Mansfield's Digest, sec-
> tion 4250), providing that the donee of lands forfeited to the State for
> non-payment of taxes shall pay to the owner of improvements double
> the value thereof, is repealed by the act of March 14, 1879, regulating
> the donation of forfeited lands.

APPEAL from *Little River* Circuit Court.

H. B. STUART, Judge.

Appellee filed a complaint alleging that he was the owner
of valuable improvements upon certain land for which appel-
lant had received a certificate of donation from the State
Land Commissioner on or about January 1, 1880; that ap-
pellant had failed and refused to pay him double the value
of said improvements; and he therefore prayed for judgment
for such double value.

Appellee did not allege that he *owned the land* upon
which the improvements were made. His testimony showed
that, by mistake, the improvements were placed upon land
to which appellee had no title but which adjoined land be-
longing to him. The court overruled a demurrer to the
complaint. Verdict and judgment for appellee.

*Dan W. Jones* for appellant.

Section 3 of the act of December 23, 1840 (Mansf. Dig., sec. 4250), was repealed by the act of January 11, 1851; or if not, then by act of March 14, 1879, under which appellant's donation was obtained. The acts are clearly repugnant. 41 Ark., 149, 151; 64 Barb., 205; 10 Ark., 588, 591.

*Compton & Compton* for appellee.

There is no express repeal in the act of January 11, 1851; nor is there such repugnancy or irreconcilable inconsistency as to warrant a repeal by implication. Repeals by implication are not favored. 34 Ark., 499; 41 Ark., 149; 5 Hill, 229; 4 G. & J., 11; 6 W. & S., 209; 21 Penn., 37.

PER CURIAM. The right of action of the appellee, who was the plaintiff below, rests upon the third section of the act of December 23, 1840. Mansf. Dig., sec. 4250. But that provision of the statute, if not repealed by the act of January 11, 1851, was repealed by the act of March 14, 1879, which was passed before the plaintiff's rights accrued.

The act of 1840, from which the provision referred to was taken, was the first statute upon the subject of the donation of lands forfeited to the State for the non-payment of taxes. It provided for the donation of the State's right to such lands upon the conditions thereinafter to be mentioned; then follows the provision under consideration making the donee of any improved land liable to the owner of the improvements in double the value thereof, to be recovered by the owner by judgment *in personam* against the donee. This liability was not a condition which could in any event defeat the title of the donee, but it was one of the terms, or, in the language of the statute, one of the "conditions" upon which the State parted with its interest in the land. The act of 1879 revised the whole subject treated by the act of 1840.

It follows the latter act with some variations in granting the power to its officers to donate lands forfeited for the non-payment of taxes down to the "conditions" upon which the grant should be made, when a proviso to this effect was added, viz: "That such donations shall be granted subject to the conditions hereinafter mentioned." Now the condition of paying for improvements on the land is not mentioned; and the language of the proviso does not permit us to look beyond the act itself to impose other terms or conditions upon the donee. The improvements therefore go with the land without any liability upon the donee to pay for them, and the plaintiff's cause of action falls, even conceding (which we do not) that he has stated facts which would warrant a recovery under the statute if it were in force.

Reverse and remand.